UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT PEIRCE )<br>    Plaintiff )<br>v. )<br>CHRISTOPHER LESAFFRE and )<br>FRANCES LESAFFRE )<br>    Defendants ) | Civil Action No.: |

## COMPLAINT

### INTRODUCTION

The Plaintiffs seek to enforce two judgments entered in their favor in California against the Defendants for the Defendants' fraud in connection with the sale of a classic car.

### PARTIES

1. The Plaintiff, Robert Peirce ("Mr. Peirce") resides in California.

2. The Defendant, Christopher LeSaffre ("Mr. LeSaffre"), upon information and belief, resides at 50 Lewis Street, Apt. 225, Boston, MA 02128.

3. The Defendant, Frances LeSaffre ("Ms. LeSaffre"), upon information and belief resides at 50 Lewis Street, Apt. 225, Boston, MA 02128.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §1332 as there is a diversity of Citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

5. This Court has also subject matter jurisdiction over the case pursuant to 28 U.S.C. §1738 as the Plaintiff seeks for this Court to give full faith and credit to a judgment he obtained against the Defendants.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2) as the Defendants reside in this District, and the judgment which gives rise to this case has been registered.

### Facts

7. On February 28, 2014 and June 4, 2015, the Marin County Superior Court in California entered judgments in favor of Mr. Peirce against Mr. and Ms. LeSaffre for $553,326.72 and $625,271.72 respectively. The judgment against Mr. LeSaffre was for, among other things, fraud and violation of California's consumer protection statute. See Exhibit A which contains the judgments against Mr. and Ms. LeSaffre. As against Ms. LeSaffre, the judgment was for conspiring with Mr. LeSaffre to commit fraud against Mr. Peirce (The judgments against Mr. and Ms. LeSaffre are referred to collectively here as "the Judgment"). See Exhibit A.

8. The Judgment entered against Mr. and Ms. LeSaffre and their company, My Classic Car Garage, Inc., after Mr. LeSaffre defrauded Mr. Peirce into paying over $137,000.00 for the restoration and delivery of a classic vehicle which never took place. The price that Mr. Peirce paid was more than 1.5 times the original price quoted by Mr. LeSaffre, and Mr. LeSaffre, after receiving payment, still failed to deliver the vehicle to Mr. Peirce. Mr. Peirce had intended to purchase the vehicle for his daughter's wedding, and it never arrived.

9. After domesticating the Judgment in Massachusetts Superior Court, Mr. Peirce obtained a wage garnishment on Ms. LeSaffre's income in the amount of $690.00 per month to be applied toward the Judgment. Mr. Peirce collected approximately $25,000.00 toward the Judgment from Mr. LeSaffre.

10. The total balance on the Judgment, as of December 9, 2020, is $1,026,744.06 This amount consists of $593,744.12 in principle, and $503,429.94 in interest, less $70,430 in payments received towards the Judgment. This amount does not include legal fees incurred in enforcing the Judgment.

11. Mr. LeSaffre has made a career of defrauding individuals all of the United States and the world. The variety of fraud that he has engaged in is diverse, and typically involves defrauding people into investing in nonexistent ventures. Examples include everything from inducing investment in a desalination plant in California, in a waste management facility in Syracuse, New York, and in taking over a failing bank in California. For a more detailed history of the fraud which Mr. LeSaffre has engaged in, see a copy of the judgment that Justice James F. Lang, of the Essex Superior Court, entered against Mr. LeSaffre in favor of Massachusetts resident Robert Trudeau. A copy of the judgment is attached as Exhibit B.

12. Mr. LeSaffre, in 2014, the same year that the Judgment entered against him in favor of Mr. Peirce, was convicted of running an illegal gambling operation in Nashua, New Hampshire, which he disguised as a charity for homeless veterans. The police were able to seize 38 computers from the premises. Mr. LeSaffre received a 12 month sentence in jail which was suspended.

13. Mr. LeSaffre has to date consistently thwarted Mr. Peirce's collection attempts and has failed to obey court orders to make payment. The amount in controversy, the diversity of citizenship of the parties, the fact that the LeSaffres own assets in multiple states, and the fact that Mr. LeSaffre is involved in national wide fraudulent schemes make this Court the most appropriate forum for this dispute.

**COUNT I.    ENFORCEMENT OF JUDGMENT PURSUANT TO 28 U.S.C. § 1738**

14. Mr. and Ms. LeSaffre have failed to pay any amount of the Judgment described above, and this Judgment is entitled to full faith and credit under 28 U.S.C. § 1738.

WHEREFORE, the Plaintiff demands that:

A. Judgment enter against the Defendants in favor of the Plaintiff in the amount of $1,026,744.06 plus interest, costs and reasonable attorney's fees, and;

B. That the Court hold proceedings under M.G.L. Chapter 244 Section 14 and enter such orders therewith based on the evidence presented.

Respectfully Submitted,

/s/ Joseph Perl
Joseph Perl
Attorney for Plaintiff
B.B.O. 680509
203 Arlington St., Suite 2
Watertown, MA 02472
781-704-7047
Dated: November 9, 2021