## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT PEIRCE,** ) | |
| ) | |
| ) | **CIVIL ACTION** |
| **Plaintiff,** ) | **NO.  1:21-11825-TSH** |
| ) | |
| **v.** ) | |
| ) | |
| **CHRISTOPHER LESAFFRE and** ) | |
| **FRANCES LESAFFRE,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER AND MEMORANDUM ON PLAINTIFF'S MOTION TO COMPEL (Docket No. 20)

### August 14, 2023

**HILLMAN, S.D.J.**

Robert Peirce ("plaintiff"), seeking to enforce a final judgment, has moved to compel post-judgment discovery against Christopher LeSaffre ("Mr. LeSaffre") and Frances LeSaffre ("Ms. LeSaffre") (collectively, "defendants"). For the reasons below, the motion is ***granted in part*** and ***denied in part***. The defendants are ordered to produce the documents and communications described below within **14 days**. Failure to do so with result in appropriate sanctions, including this Court adopting plaintiff's more intrusive discovery requests.

### Background

In post-judgment discovery, the defendants have produced minimal documents. The plaintiff has alleged that this is part of a long-running pattern of evading discovery and judgments. The plaintiff issued subpoenas to financial institutions and has discovered credible evidence that the defendants are withholding information relevant to post-judgment discovery.

### Analysis

*1.   Motion to Compel and Forensic Imaging*

Under Local Rule 37.1(b)(5), a party filing a motion to compel discovery is to describe "the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item." In other words, the moving party must describe (1) the discovery request in question (2) the deficient response (3) the grounds for his belief that the response is deficient. In his memorandum, the plaintiff sporadically references evidence—much of it credible—that the defendants are not fully responding to discovery. However, the memorandum does not systematically organize these deficient responses in relation to the document requests, perhaps because the plaintiff requests this Court to simply order the defendants to surrender all of their electronic devices for forensic imaging, obviating a request-by-request inquiry. Although this Court will not deny the motion to compel for failure to abide by local rules in this instance, future motions should comply with this rule. Because, for the reasons below, this Court presently declines to order the defendants to surrender all of their electronic devices to a third party, it considers the instances where the plaintiff has grounds to suspect the defendants are withholding relevant documents.

*a.   Forensic Imaging*

At this point, the Court finds that it would be disproportionate to order the defendants to surrender all of their electronic devices to a third-party. *Cf. Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 146 (D. Mass. 2005) (refusing a similar request where there was scant evidence the non-moving party was withholding information). First, this Court needs additional briefing on the qualifications of the plaintiff's proposed expert beyond a link to the expert's website. Second, especially in light of the plaintiff's failure to explain, request-by-request, why the defendants' responses are deficient, it is difficult to engage in any proportionality analysis.

The Court recognizes that the defendants have failed to respond to this motion and that the Court would be well within its rights to simply grant the motion. And, the plaintiff makes several allegations to demonstrate that the defendants are acting in bad faith. For instance, Mr. LeSaffre represented during discovery that he no longer had a computer in November of 2022. (Docket 21-9). Plaintiff argues that it is not credible that Mr. LeSaffre lacks access to a computer, pointing to a subscription to a website-hosting service and Microsoft Office in May of 2022. (Docket 21-4, at 2) The plaintiff also argues that the job Mr. LeSaffre represented he had in a prior action (and now claims to have been fired from) was a fiction, pointing out that the company ("Alta Vista") has the same address as a fictitious company in a different fraud by Mr. LeSaffre. (Docket 21-10) (the letter from Alta Vista); (Docket No. 1-2, at 2) (the state court decision finding that LeSaffre concocted a fraudulent business with an address at One World Trade Center). The plaintiff argues that Ms. LeSaffre sent $10,000.00 to Nigeria by wire in September of 2022, despite claiming to be insolvent. (Docket No. 21-11). Finally, the plaintiff argues that despite other, involved fraudulent dealings in Bermuda, *see generally* (Docket No. 1-2), the defendants produced no documents related to any entities created by them or to any assets that they own in Bermuda.

The Court finds these allegations largely credible, though they are not all "smoking guns." For instance, access to a computer in May does not prove access to a computer in November. Furthermore, plaintiff also argues that the defendants' actions in other litigation, including litigation the plaintiff was not party to, justifies the extraordinary relief he requests. At this stage of *this* litigation, it would be disproportionate to order the defendants to surrender all their electronic devices to a third party. Furthermore, in any future motions the plaintiff is to make it clear why the defendants would bear the cost of forensic imaging services. However, if

defendants fail to comply with the orders below, this Court will adopt the plaintiff's forensic imaging plan and/or order defendants to consent to plaintiff's searching the contents of their emails and text messages. The defendants shall maintain any devices they currently own and this Court will institute appropriate sanctions if the defendants attempt to dispose of any devices or delete any data, including possible referral to the Attorney General's office.

### b. Motion to Compel Document Production

The Court will address the requests for production where the plaintiff has presented credible evidence that the defendants' response is deficient. Again, in any future motions the plaintiff is to organize his memorandum by pointing to (1) the discovery request (2) the deficient response (or non-response) and (3) the reasons why he believes that response to be deficient.

Plaintiff argues that the defendants did not produce any bank statements from any of the companies that the defendants are or were an officer of. The plaintiff points out that the Massachusetts Secretary of State's website shows that both defendants are listed as officers of multiple corporations. (Docket No. 21-3) The defendants are ordered to produce any bank statements from corporations that the defendants are or were an officer of.

The defendants produced no documents in response to document request 24, which requests all documents which evidence the advertising of services to the public since January 1, 2015. The plaintiff alleges that the Mr. LeSaffre's bank statements show that up until at least May of 2022, Mr. LeSaffre had been paying for website hosting services. (Docket No. 21-4, at 2). The plaintiff also alleges that Mr. LeSaffre has advertised his services and has solicited investment from individuals all over the world. *See generally* (Docket No. 1-2) (describing a different fraud perpetrated by Mr. LeSaffre). This Court finds the plaintiff's allegations credible,

finds it unbelievable that such documents do not exist, and orders the defendants to produce all documents which evidence the advertising of his services to the public since January 1, 2015.

Plaintiff sent requests to each defendant seeking documents related to information that plaintiff discovered from the TD Bank statements including "a copy of the home page, including url, for any websites operated by the defendants" and any communications using an e27.co account.[1] Plaintiff alleges that Mr. LeSaffre has an e27.co account. (Docket No. 21-5). The defendants provided information about rental applications, but were otherwise non-responsive. The Court finds it credible that Mr. LeSaffre has an e27.co account and he is ordered to produce any communications made in connection with the account to the plaintiff, along with any other documents relating to any websites operated by the defendants.

The plaintiff argues that Mr. LeSaffre produced no copies of complaints filed against him and his companies despite it being public knowledge that multiple such lawsuits were filed. Mr. LeSaffre is ordered to produce all copies of complaints filed against him.

The defendants produced no statements from investment accounts that they own, and Ms. Le Saffre denied having any account in any other financial institution. (21-6, at 3). Plaintiff argues that the statement from Ms. LeSaffre's employer, however, shows 401k contributions by her employer, but Ms. LeSaffre produced no account statements related to her 401k account. Elsewhere, however, the plaintiff concedes that Ms. LeSaffre did, eventually, produce documents relating to a 401k plan, though he argues they are not legible. This Court agrees. (Docket No. 21-7; Docket No. 21-8). Ms. LeSaffre is ordered to produce legible copies of her 401k statements that include the name of the institution managing the funds. Furthermore, the defendants are ordered to produce statements from any investment accounts they own.

---

[1] The plaintiff represents that e27.co is an account that lets individuals solicit their projects for others to invest in.

Plaintiff argues that Ms. LeSaffre paid thousands of dollars into the Dickerson Supplemental Needs Trust. He provides no evidence of that assertion. Nonetheless, the defendants must reveal any trusts that Mr. LeSaffre is a beneficiary or trustee of, and Ms. LeSaffre is to produce all documents evidencing assets owned by Ms. LeSaffre or held for her benefit, including in any trusts.

Plaintiff requested all communications that relate to Mr. LeSaffre's business dealings since January 1, 2018, all communications which relate to this case or any preceding case brought by Mr. Peirce, and all communications between Mr. LeSaffre and any party demanding payment from Mr. LeSaffre since January 1, 2018. Given the evidence discussed above, the Court is convinced that responsive communications exist. As such, Mr. LeSaffre is ordered to hand over all responsive communications.

The plaintiff also made a similar request of Ms. LeSaffre and received no responsive communications. He argues that it is not believable that Ms. LeSaffre has no responsive communications. While this Court is skeptical, the plaintiff has presented no evidence that Ms. LeSaffre has been advertising business dealings or other evidence that would provide a grounds for suspecting that communications exist.

In any response, defendants should organize their responses with numbers or otherwise, in response to each document request, give reasonable information as to where in the production to find documents that are responsive to each request. The defendants have **14 days** to comply with this order. In addition to adopting the plaintiff's proposed plan concerning forensic imaging and/or ordering consent to searches of defendants' text messages and emails, the Court will consider additional sanctions if the defendants fail to comply with this order.

*2. Electronic Information*

6

At this point, the Court finds it unnecessary to order the defendants to consent to their communications or metadata being released to the plaintiffs given the orders above relating to relevant communications. To the extent they lack access to relevant communications, defendants shall request such communications from the relevant third-party provider. *Lucas v. Jolin*, No. 1:15-cv-108, 2016 WL 2853576, at *7-*8 (S.D. Ohio May 16, 2016). Failure to comply with this order will lead to this Court reconsidering the more intrusive order proposed by the plaintiff.

### 3.  *Attorney's Fees*

Although fee-shifting is allowed under Fed. R. Civ. Proc. 37(a)(5) in certain circumstances, because the Court did not grant the motion in its totality it declines to do so here. Fed. R. Civ. Proc. Rule 37(a)(5)(C). Furthermore, this Court will not reimburse unnecessary work. The plaintiff, in future motions before this Court, will limit background information to what is absolutely necessary.

### Conclusion

For the reasons above, the motion is ***granted in part*** and ***denied in part***. The defendants are ordered to produce documents and communications as described above in **14 days**. The defendants, at this juncture, are not ordered to turn over their electronic devices, stored communications, or metadata, nor will this Court award attorney's fees. The defendants shall maintain any devices they currently own and this Court will institute appropriate sanctions if the defendants attempt to dispose of any devices or delete any data.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**

7